IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
MAR 1 3 2023
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| UNITED STATES OF AMERICA, | ) | **INFORMATION** |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:23 CR 149 |
| | ) | Title 18, United States Code, |
| CASEY ALEXANDER, | ) | Section 1349 |
| | ) | |
| Defendant. | ) | **JUDGE OLIVER** |

**GENERAL ALLEGATIONS**

**MAG. JUDGE PARKER**

At all times relevant to this Information, unless otherwise specified:

1. Defendant CASEY ALEXANDER was a United Kingdom National and employed as a sales agent for Company-1 and Company-2 ("the Companies").

2. Company-1 was a limited liability company that was registered in Delaware on or around August 2017. Company-1 used business addresses of 300 Delaware Avenue, Suite 210, Wilmington, Delaware 19801 (a virtual office) and 3524 Silverside Road, Suite 35B, Wilmington, Delaware 19810 (the office of its registered agent). Company-1 was reportedly headquartered in the United Kingdom. Company-1 used multiple contact numbers with a 302 Delaware area code.

3. Company-2 was a limited liability company that used a business address of 8 The Green, Suite 7820, Dover, Delaware 19901 and 211 East 43rd Street 7th Floor, New York, New York 10017. Company-2 was reportedly headquartered in the United Kingdom. Company-2 used multiple contact numbers with a 302 Delaware area code.

4.     Investor 1 was a real person, known to the Grand Jury, who resided in the Northern District of Ohio, Eastern Division.

## COUNT 1
(Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349)

The First Assistant United States Attorney charges:

5.     The factual allegations contained in Paragraphs 1 through 4 are re-alleged and incorporated as though fully set forth herein.

6.     From in or around November 2021, to on or about June 13, 2022, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant CASEY ALEXANDER did knowingly and intentionally combine, conspire, confederate and agree with each other, and with others both known and unknown to the Grand Jury, to commit federal offenses, that is, to devise and intend to devise a scheme and artifice to defraud investors, and to obtain money and property from investors by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing and attempting to execute the scheme and artifice to defraud caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343 (Wire Fraud).

## OBJECTS OF THE CONSPIRACY

7.     The objects of the conspiracy were to: (1) induce investors to invest money; (2) use false and fraudulent pretenses to defraud investors; (3) prevent detection of the conspiracy; and (4) enrich the conspirators and others.

## MANNER AND MEANS OF THE CONSPIRACY

8.     It was part of the conspiracy that:

   a.     Defendant, and other members of the conspiracy, engaged in a cold-calling scheme to target investors throughout the United States to invest in their

purported wine and whiskey brokerage programs.

  b. Defendant, and other members of the conspiracy, claimed they could identify and purchase a portfolio of fine wines and or whiskeys on behalf of investors, which would be held in a bonded warehouse within the United Kingdom until sold for a profit.

  c. Defendant, and other members of the conspiracy, used multiple Delaware contact numbers to cold-call victims.

  d. Defendant, and other members of the conspiracy, claimed that the Companies had access to rare vintage wine or whiskey, and represented that the wine or whiskey would appreciate over time, and that only after the wine or whiskey was sold would the Companies pay Defendant a commission.

  e. Defendant, and other members of the conspiracy, offered and sold investments in wine and whiskey to at least 150 individual investors and obtained approximately $13 million from their scheme.

  f. Defendant, and other members of the conspiracy, made false and fraudulent statements to convince the Investors to invest money in wine and whiskey, including, but not limited to, the following:

    i. That the Defendant would not be paid a commission until the wine or whiskey was sold, when in fact, Defendant received a commission after the investment was made.

  g. Defendant, and other members of the conspiracy, communicated their misrepresentations about the scheme to the Investors through various means, including

in-person meetings, and interstate wire communications in the form of telephone calls, text messages, and emails.

## ACTS IN FURTHERANCE OF THE CONSPIRACY

10. In furtherance of the conspiracy and to achieve its objectives, one or more members of the conspiracy committed the following acts in furtherance, among others, in the Northern District of Ohio, Eastern Division, and elsewhere:

11. On or about June 13, 2022, a member of the conspiracy texted Investor-1 that Defendant had arrived in Cleveland to meet with Investor-1. Defendant met with Investor-1 and exchanged phone numbers. Defendant solicited Investor-1 to invest in whiskey and told Investor-1 that Company-2 -employees would only get paid 10% of the profit after the whiskey matured and was sold to third parties.

MICHELLE M. BAEPPLER
First Assistant United States Attorney

By: *[signature]*
MICHAEL L. COLLYER, Chief
White Collar Crimes Unit

4