IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 1:23-CR-00149 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | JUDGE SOLOMON OLIVER, JR. |
| CASEY ALEXANDER, | ) | |
| Defendant. | ) | |

___

**DEFENDANT'S SENTENCING MEMORANDUM**
___

Now comes Defendant Casey Alexander, by and through the undersigned counsel, and hereby respectfully submits the Defendant's Sentencing Memorandum herein. As set forth below, Mr. Alexander believes the factors set forth in 18 U.S.C. § 3553(a) demonstrate that a low-end Guidelines-sentence would be sufficient but not greater than necessary to serve the purposes of sentencing.

Respectfully submitted,

 */s/ John J. Spellacy*
JOHN J. SPELLACY (0065700)
323 W. Lakeside Avenue, Suite 220
Cleveland, Ohio 44113
Phone: (216) 241-0520
Fax:    (216) 241-6961
Email: jspellacy@spellacylaw.com
*Attorney for Defendant*

**SENTENCING MEMORANDUM**

I.   **STATEMENT OF THE CASE**

Defendant Casey Alexander awaits sentencing on only one count of Conspiracy to Commit Wire Fraud after pleading guilty pursuant to a plea agreement, in which the parties agree to recommend a Guidelines-sentence. (R. 45: PSIR, PageID 207, ¶ 3.)

Mr. Alexander was employed by Charles Winn, LLC, Windsor Jones, LLC, and Vintage Whiskey Casks, which are purported to be conducting a wine and whiskey investment fraud scheme. (*Id.* at 208, ¶ 10.) The scheme consists of cold-calling individuals with a too-good-to-be-true investment proposition, fostering relationships with interested individuals, and using over-inflated promises and persistent tactics to induce their investment. (*Id.*) Mr. Alexander's role in this scheme was minimal. As a boots-on-the-ground salesman employed by Vintage Whiskey Casks, he cold-called numbers given to him by his bosses, utilizing a script also given to him by his bosses. (*Id.* at 209.) While Mr. Alexander knew he mislead investors by stating he did not receive any commission until the investor returned a profit, he did not appreciate the true nature of the scheme. (*Id.* at 210, ¶ 17.)

Generally, successful salesmanship dances along the line between truth and lie. Nowhere is this truer than for financial investment advisors who sell nothing more than mere bets. In hindsight, it is clear to Mr. Alexander that he misled investors. However, in the moment, he believed himself to be earning an honest living as a productive member of society.

II.  **GUIDELINES CALCULATION**

Post-*Booker*, a court imposing a sentence is required to correctly calculate the Guidelines range and to recognize the advisory nature of that range. *Gall v. United States*, 552 U.S. 38, 51 (2007). Second, a court is required to impose a sentence that is "sufficient, but not greater than

necessary" to "comport with the goals of criminal justice." 18 U.S.C. § 3553(a); *United States v. Denny*, 653 F.3d 415, 420 (6th Cir. 2011). To assist the Court in ensuring that a sentence is "sufficient," Section 3553(a) lists factors that should be considered before the imposition of a sentence. *See* 18 U.S.C. § 3553(a).

### III. SENTENCING FACTORS

#### A. The Sentence Should Reflect the Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.

> Had I known the intention of my mentors for the investors' accounts, I would never have sold them, let alone allow them to put mine as the face of a company.
> —Casey Alexander

Mr. Alexander played a small role in a larger scheme, of which he was never fully aware. (*See* R. 45: PSIR, PageID 209.) While Mr. Alexander is held responsible for a significant sum of money given the conspiracy charge, Mr. Alexander is not the devious mastermind—he is an ambitious salesman. Mr. Alexander was employed as a sales representative by the suspect companies. (*Id.*) Like any employee, Mr. Alexander took directions from his bosses whom he also considered his mentors. (*Id.*) As such, the nature and circumstances of the offense do not present as severe nor violent, but rather are explained by Mr. Alexander's endeavor to be successful despite his humble beginnings.

As a first-time offender before this Court, Mr. Alexander comes from a good family. He was raised in a low-income neighborhood that was plagued by violence and substance use. (*Id.* at 210, ¶ 17.) Yet, his law-abiding parents raised him to be positive and kind. On all accounts, Mr. Alexander had a supportive and loving upbringing. This upbringing led him to live a law-abiding life.

Mr. Alexander's friends and family describe him as good-natured, intelligent, passionate, and driven. (*See* Letters of Support: Exhibit 1). They pledge their ongoing, unwavering support

3

of him. (*Id.*) Such support is well placed as Mr. Alexander does not display any violent nor criminal tendencies. In fact, during almost two years of pretrial release, Mr. Alexander has "complied with all Court ordered conditions" and refrained from violations. (R. 45: PSIR, PageID 207, ¶ 4.) Surely, Mr. Alexander's compliance will continue even after this Court imposes a sentence.

### B. The Sentence Should Provide Just Punishment, Adequate Deterrence, and Correctional Treatment, While Avoiding Unwarranted Sentence Disparities.

If the Guidelines calculation by Pretrial Services is honored, the need to avoid unwarranted sentence disparities leans in favor of the low-end of the Guidelines range. Indeed, 20% of defendants with similar records who have been found guilty of similar conduct did not receive a sentence of imprisonment at all. Of the 80% who did, the "average length of imprisonment imposed was 11 month(s) and the median length of imprisonment imposed was 12 month(s)." (*Id.* at 220, ¶ 89.) Thus, Mr. Alexander requests a low-end Guidelines-sentence.

Mr. Alexander is deserving of such a sentence. Mr. Alexander recognizes the unacceptable nature of his actions that require just punishment—as he states, "I am now ashamed and in repentance for the people who I let down." (Mr. Alexander's Statement). However, a low-end Guidelines-sentence would provide just punishment. Further punishment does not serve any purpose beyond deterrence, but Mr. Alexander has been deterred by the gravity of the present situation and its impact on his family. He states:

> I am truly sorry. I pledge to be a productive member of society. I have learned from the mistakes I have made. I've spent nine months without my family or the ability to work in Cleveland and I used that time to grow running marathons, refining my personal philosophy, doing finance courses, and using my wisdom to help others.

(R. 45: PSIR, PageID 210–11, ¶ 23.) Mr. Alexander not only acknowledges the unacceptable nature of his conduct, he also commits to doing better in the future. Going forward, Mr.

4

Alexander desires to "use his skills to bring value to the world." (*Id.* at 214, ¶ 56.) Indeed, Mr. Alexander has already begun furthering his education while on pretrial release. (*See* Course Certificates: Exhibit 2).

Given the circumstances of the present offense, Mr. Alexander's wholehearted remorse and lack of a criminal record, it is highly unlikely he will recidivate. Upon this Court's permission, Mr. Alexander will return to the United Kingdom. There, as he has done throughout approximately two years of pretrial release, Mr. Alexander intends to maintain employment, report as required, refrain from violations, and atone for his conduct. Of course, Mr. Alexander's ability to pay any restitution order is substantially enhanced if not incarcerated, allowing him to obtain lawful employment. With his identified support system—as evidenced in the multiple letters of support on his behalf—Mr. Alexander has the capacity to remain integrated into society as a productive member.

## IV.     CONCLUSION

WHEREFORE Defendant Case Alexander respectfully requests a low-end Guidelines-sentence because the factors set forth in 18 U.S.C. § 3553(a) demonstrate that such a sentence would be sufficient but not greater than necessary to serve the purposes of sentencing.

Respectfully submitted,

*/s/ John J. Spellacy*
JOHN J. SPELLACY (0065700)
323 W. Lakeside Avenue, Suite 220
Cleveland, Ohio 44113
Phone: (216) 241-0520
Fax:    (216) 241-6961
Email: jspellacy@spellacylaw.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

A copy of the foregoing *Sentencing Memorandum* was electronically filed with the Clerk of Courts on this 18th day of June, 2024. Notice of this filing will be sent to the United States Attorney for the Northern District of Ohio, Rebecca C. Lutzko, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                           */s/ John J. Spellacy*
                                           JOHN J. SPELLACY (0065700)
                                           *Attorney for Defendant*